**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**DEANDRE LEE LANGSTON**                                                                                       **PLAINTIFF**

**v.**                                                                                                    **No. 3:13CV80-B-V**

**SHERIFF BILL RASCOE, ET AL.**                                                                      **DEFENDANTS**

**REPORT AND RECOMMENDATION**

On June 17, 2013, plaintiff DeAndre Lee Langston, an inmate in the custody of the DeSoto County Jailwith inmate number 121244, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983.  A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted).  The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

**Allegations**

On August 22, 2012, DeAndre Lee Langston, a pretrial detainee, got into a fight with three other inmates in I-Tank at the DeSoto County Jail.  Sgt. Washington cuffed Langston from behind, moved him to the hallway, and had him sit on the floor.  Though he was told to get on his knees, he could not because he had a metal rod in his leg from an old injury.  He was trying to get up and run into the "tank."  Langston started talking loudly, and Officer Freeman tried to help him stand up – then Administrator Chad Wicker took Freeman's taser and tased Langston on his chest while

---

[1] 28 U.S.C. § 1915(g).

his hands were cuffed behind his back. He was taken to medical, where the taser darts were removed, and he was given Batrim. He suffered swelling in various places as a result of the fight. He was sent to lockdown, rather than transported to a hospital.

## Discussion

The plaintiff stated at the *Spears* hearing that he named Sheriff Bill Rascoe and Daniel Freeman as witnesses. In addition, the plaintiff testified that defendant Louis Washington simply placed him in handcuffs. As these defendants did not take any action to harm the plaintiff, they should be dismissed from this case. The plaintiff's claim against Lt. Chad Wicker for use of excessive force should, however, proceed.

## Handling of Objections, Acknowledgment of Receipt

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to*

*dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted this 25th day of June, 2013.

/s/   Jane M. Virden
UNITED STATES MAGISTRATE JUDGE