IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DEANDRE LEE LANGSTON** **PLAINTIFF**

v. No. 3:13CV80-NBB-JMV

**SHERIFF BILL RASCOE, ET AL.** **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of DeAndre Lee Langston, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The court, by previous order, dismissed all claims in this suit except Langston's claim against Lt. Chad Wicker for use of excessive force. Defendant Wicker has moved [22] for summary judgment. Langston has not responded, and the deadline to do so has expired. For the reasons set forth below, the instant motion for summary judgment will be granted and the case dismissed for failure to state a claim upon which relief could be granted.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts

showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## Undisputed Material Facts[1]

On August 22, 2012, Langston was in an altercation with three inmates.[2] He was hit in the right eye with an orange and went to defend himself when another inmate hit him in the head from behind.[3] By the time the officers arrived, Langston was still fighting with an inmate.[4] The defendants told Langston to stop fighting and get against the wall, and he did.[5] Langston then got back off the wall, walked toward a corrections officer, and saw one of the inmates he had been fighting.[6] The then jumped at the inmate as if he were about to swing, and that is when he was restrained by corrections officers.[7] He was put in handcuffs and taken into the hallway.[8] Langston concedes that he was talking loudly and was told to shut up and calm down.[9] Langston then told the officers to shut up and calm down.[10] The officers ordered Langston to sit down and face the wall, and he told them he could not.[11] He did not, however, tell them *why* he could not sit down as ordered.[12] Despite being handcuffed, Langston was trying to stand up.[13] Defendant Chad Wicker then deployed his Taser, striking Langston in the chest and torso area.[14]

---

[1] For the purposes of the instant memorandum opinion and final judgment, the court takes as true all of the plaintiff's sworn allegations and statements and views the evidence in the light most favorable to the non-moving party, the plaintiff in this case.
[2] Desoto County Adult Detention Facility Detainee Request/Grievance Form, dated February 18, 2013.
[3] *Id*.
[4] *Id*.
[5] *Id*.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Spears* hearing transcript ("Tr."), p. 6.
[12] *Id*.
[13] *Id*.
[14] *Id*.

Langston claims that he did not comply with the orders of Chad Wicker because he has a metal rod in his leg and could not get down on his knees.[15] Langston believes that all the officers, including Defendant Chad Wicker, should have known about the metal rod in Langston's leg because that information is part of his prison medical record.[16] Langston did not ever directly tell Wicker or anyone at the scene that he had a disability rendering him unable to get down on his knees.[17] Langston was taken to medical, where a nurse determined that he had no injuries – and applied antibacterial ointment to the areas where the Taser prongs had been removed.[18] After the incident, Langston submitted grievances to supervisors at the Adult Detention Facility on February 7, 2013, and February 18, 2013, alleging improper use of force by use of the Taser.

**Excessive Force**

This case presents the court with a claim that a prison official used excessive force against a prisoner in violation of the Eighth Amendment. A court must balance the constitutional rights of convicted prisoners with the needs of prison officials to effectively use force to maintain prison order; to establish liability on the part of defendants the plaintiff must prove the force was applied "maliciously and sadistically to cause harm," and not "in a good-faith effort to maintain or restore discipline . . . ." *Hudson v. McMillian,* 503 U.S. 1, 6-7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)); *see Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993). Factors which are relevant to this issue include, but are not limited to "(1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the

---

[15] *Id.*
[16] *Id.*, p. 6-7.
[17] *Id.*
[18] Affidavit of Bridget Music.

responsible officials; and, (5) any efforts made to temper the severity of the forceful response." *Rankin*, 5 F.3d at 107 n.5 (citation omitted).

A prisoner need not prove "significant" or "serious injury" in order to prevail in an Eighth Amendment claim of excessive force. *Hudson*, 503 U.S. at 7. "The absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it." *Id.* A *de minimis* use of force, however, is insufficient to state a cognizable Eighth Amendment claim. *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993). "Not every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9 (citation omitted). "The Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (citation omitted). Moreover, "[i]n cases post-*Hudson*, 'certainly some injury is still required.'" *Rankin*, 5 F.3d at 108; *see also Knight v. Caldwell*, 970 F.2d 1430 (5th cir. 1992), *cert. denied*, 507 U.S. 926, 113 S. Ct. 1298, 122 L. Ed. 2d 688 (1993). A single incident of force or a single blow is *de minimis* and thus does not violate the Eighth Amendment. *Jackson v. Colbertson*, 984 F. 2d 699, 700 (5th Cir. 1993).

In this case, Langston concedes that, though he told the defendants that he could not stand up, he did not tell them why. He simply assumed that they knew of the rod in his leg because it was in his institutional medical file. The officers at the scene had just broken up a fight among numerous inmates, and the plaintiff and others were still bristling and agitated. Indeed, Langston himself made a lunge at another inmate while the officers were trying to restore order and discipline. He disobeyed orders without explaining why he could not comply, and the defendant deployed the Taser to regain control of the situation. These actions were reasonable under the circumstances – a good-faith effort to restore order and discipline, rather than malicious and sadistic acts designed to cause harm. Indeed,

Langston was not harmed at all. When he was examined by a nurse, he had no injuries and required only a bit of ointment on the sites where the Taser prongs had been removed. Certainly, this qualifies as *de minimis* injury, which precludes recovery for a claim of excessive force. In sum, Langston's sole remaining claim, use of excessive force, must be denied for failure to state a claim upon which relief could be granted.

The motion by the defendant for summary judgment will be granted and the case dismissed for failure to state a claim upon which relief could be granted.

**SO ORDERED**, this, the 19th day of May, 2014.

    /s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE